# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01623-DDD-SKC

KIM LAZA,

    Plaintiff,

v.

ALPHA RECOVERY CORP.,

    Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

*On June 20, 2019, the Court set the Scheduling Conference for August 29, 2019 at 10:00 AM in*

*Courtroom C204 before Magistrate Judge S. Kato Crews (Denver).*

| | |
|---|---|
| Joseph S. Davidson | Kevin J. Farrell |
| Mohammed O. Badwan | FARRELL LAW OFFICES, LLC |
| SULAIMAN LAW GROUP, LTD. | 1582 South Parker Road |
| 2500 South Highland Avenue | Suite 209 |
| Suite 200 | Denver, Colorago 80231 |
| Lombard, Illinois 60148 | +1 303-368-5200 |
| +1 630-575-8181 | farrell.lawoffice@gmail.com |
| jdavidson@suliamanlaw.com | |
| mbadwan@suliamanlaw.com | *Counsel for Alpha Recovery Corp.* |

*Counsel for Kim Laza*

## 2. STATEMENT OF JURISDICTION

*The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.*

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  *Plaintiff(s)*:  On June 5, 2019, Plaintiff filed this case against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692 et seq., Plaintiff alleges that (1) Defendant violated 15 U.S.C. §§ 1692e(2), e(5) and e(10) by falsely implying that interest will accrue on Plaintiff's delinquent obligation absent payment.  By including "Interest Balance Claimed Due" (as well as "Current Balance Claimed Due") – even showing $0.00 – could imply the future accrual of interest.  Plaintiff's account balance, however, was not varying over time – this debt was not accruing interest.

b.  *Defendant(s)*:  The letter at issue does not violate the FDCPA.  Most courts have held that as long as no interest is actually accruing (which Plaintiff acknowledges), not informing a debtor that interest is not accruing is not a violation.  Nor does the "Current Balance" language imply the accrual of future interest.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

> None.

### 5.  COMPUTATION OF DAMAGES

As a result of Defendant's violation(s) of 15 U.S.C. §§ 1692e(2), e(5) and e(10), Plaintiff is seeking (i) any actual damage, (ii) such additional damages as the court may allow, but not exceeding $1,000.00, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.

### 6.  REPORT OF PRECONFERENCE
### DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

*August 21, 2019.*

b.      Names of each participant and party he/she represented.

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Kim Laza*

Cindy D. Salvo
THE SALVO LAW FIRM, P.C.
185 Fairfield Avenue
Suite 3C/3D
West Caldwell, New Jersey 07006
+1 973-226-2220
csalvo@salvolawfirm.com

Kevin J. Farrell, Esq
Farrell Law Office, LLC
1582 So. Parker Rd., Suite 209
Denver, CO 80231
Telephone: (303) 368-5200
Farrell.lawoffice@gmail.com

*Counsel for Alpha Recovery Corp.*

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

*Rule 26(a)(1) disclosures will be made on or before September 4, 2019.*

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

*None.*

e.      Statement concerning any agreements to conduct informal discovery:

*None.*

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

*None.*

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

3

*The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

*None.*

### 7.  CONSENT

All parties    ☐  [have]    ■    [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8.  DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*Five (5) each.*

b.    Limitations which any party proposes on the length of depositions.

*Six (6) hours each.*

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

*Twenty-five (25) each.*

d.    Other Planning or Discovery Orders

*None.*

### 9.  CASE PLAN AND SCHEDULE

a.    Deadline for Joinder of Parties and Amendment of Pleadings:

*November 27, 2019.*

b.      Discovery Cut-off:

*February 25, 2020.*

c.      Dispositive Motion Deadline: **March 26, 2020**

~~*April 10, 2020.*~~

d.      Expert Witness Disclosure

    1.    The parties shall identify anticipated fields of expert testimony, if any.

        *None.*

    2.    Limitations which the parties propose on the use or number of expert witnesses.

        *None.*

    3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *NONE.*

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *NONE.*

e.      Identification of Persons to Be Deposed:

*Plaintiff*

*Defendant's Fed. R. Civ. P. 30(b)(6) corporate representative*

f.      Deadline for Interrogatories:

*January 24, 2020.*

g.      Deadline for Requests for Production of Documents and/or Admissions

*January 24, 2020.*

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

**Joint      Status      Report      due      November      12,      2019**

b.      A final pretrial conference will be held in this case on _____ at o'clock ____m.  A Final

Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days

before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were

unable to reach an agreement.

*None at this time.*

b.      Anticipated length of trial and whether trial is to the court or jury.

*2 to 3 days.  Trial is to jury.*

*c.*      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically

conducted in the District Court's facilities at 212 N.  Wahsatch Street, Colorado Springs, Colorado

80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction,

Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango,

Colorado 81303-3439.

*None at this time.*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR

6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all

attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or

Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.   AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 29th day of August, 2019.

BY THE COURT:

*s/ S. Kato Crews*
United States Magistrate Judge

APPROVED:

*/s/ Joseph S. Davidson*

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Kim Laza*

*/s/ Kevin J. Farrell*

Kevin J. Farrell
FARRELL LAW OFFICES, LLC
1582 South Parker Road
Suite 209
Denver, Colorago 80231
+1 303-368-5200
farrell.lawoffice@gmail.com

*Counsel for Alpha Recovery Corp.*