**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 19-cv-01623-DDD-SKC

KIM LAZA,

    Plaintiff,

v.

ALPHA RECOVERY CORP.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS**

    Congress passed the Fair Debt Collections Practices Act to "to eliminate abusive debt collection practices by debt collectors," while also ensuring "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692. The Act prohibits a debt collector from, among other things, using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This case asks whether a debt collector violated Section 1392e when it told a debtor that she owed $8,591.88 in principal and $0.00 in interest even though her debt was static—that is, the principal she owed was incapable of incurring interest. The answer is no.

    Plaintiff Kim Laza is a debtor, whose debt found its way into the hands of Defendant Alpha Recovery Corporation, a debt collector. Ms.

Laza defaulted, and Alpha wrote her a letter on May 20, 2019 in an attempt to collect the money she owed. The letter listed the following amounts as "Claimed Due":

> **Principal Balance Claimed Due:** $8,591.88
> **Interest Balance Claimed Due:** $0.00
> **Current Balance Claimed Due:** $8,591.88.

Doc. 23 at 1–2; Doc. 1 at ¶ 14. Ms. Laza says the second line (that the interest balance claimed due was "$0.00") "led [her] to believe interest will accrue absent payment" and so violated Section 1392e's prohibition on "false, deceptive, or misleading representation[s]" when collecting a debt. So Ms. Laza filed this suit.

Alpha doesn't dispute any of these facts, only the legal conclusions Ms. Laza draws from them. So Alpha filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to sort out who's right and who's wrong. Under rule 12(c), Alpha has a tall task. It can succeed only by showing that the well-pleaded allegations in Ms. Laza's complaint, and the reasonable inferences to be drawn from them, fail to state a claim as a matter of law. *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).

That is true of any party seeking judgment on the pleadings. But debtors, like Ms. Laza, get another layer of deference when a court considers if they've been misled by a debt collector. Courts in Fair Debt Collections Practices Act cases are supposed to doff their lawyer hats and read the allegedly misleading statements of the debt collector like a trusting, unsophisticated consumer would. *Hamilton v. Capio Partners, LLC*, 237 F. Supp. 3d 1109, 1113 (D. Colo. 2017). Courts call this the "least sophisticated consumer" standard. *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015). The imaginary least-sophisticated consumer has "a rudimentary amount of information

2

about the world and a willingness to read a collection notice with some care," but he doesn't have the "astuteness" of a big-city lawyer. *Hamilton*, 237 F. Supp. 3d at 1113.[1]

Would any reasonable consumer, even one with just a rudimentary understanding of debt, read Alpha's representation that $0.00 in interest was owed and think that it means interest will be owed in the future if she doesn't pay off her debt? This court concludes not. If Ms. Laza believed interest would accrue on her debt it wasn't anything in Alpha's letter that gave her that impression.

Nothing in the letter was untrue. Ms. Laza doesn't dispute the principal amount owed was accurate, or that she did not owe any interest. And including a line for interest owed, in a debt collection letter, makes sense. Even a reasonable but unsophisticated consumer would want to know whether the loan on which she had defaulted had been accruing interest. The Act's purpose is to ensure debt collectors are adequately informing debtors of the "character" of their debts, so a debt collector shouldn't be penalized for providing additional relevant information to its debtor.

Ms. Laza doesn't really dispute any of this. She argues instead that her debt was static, and so she believes there was no non-nefarious reason for Alpha to include a line for interest owed. But that is an unreasonable implication to draw from a true (and relevant) statement. In explaining a debt, noting the principal and the interest is routine and helpful. When there is no interest due, that is worth noting. Alpha could have saved itself some trouble by also clarifying that no interest was due

---

[1] Though the Tenth Circuit has yet to adopt this standard in a published decision, the other circuits to have addressed the issue have adopted it. *Hamilton*, 237 F. Supp. 3d at 1113 (collecting cases).

*and would never be due because the debt was static.* But the absence of that additional information doesn't render the letter deceptive as written.

Ms. Laza's reading turns the least-sophisticated-consumer standard upside down. The naïve, trusting debtor that the rule is meant to protect would perhaps come into play if, contrary to the facts there, a collector zeroed out interest and highlighted that none was owing, but planned to assess it going forward. But here, Alpha had assessed no interest and did not plan to. Only a wary eye would read a letter stating no interest is owing as a threat that interest will be owing. Ms. Laza may have thought interest would accrue, but if so it was based on her own assumptions, not Alpha's representations.

Some district courts presented with similar issues have concluded otherwise. *See Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 2967061, at *2–3 (N.D. Ill. June 13, 2018) ("Yet by stating that fees and collection costs stood at '$0.00,' instead of stating something like 'N/A' or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt."); *Tylke v. Diversified Adjustment Serv., Inc.*, No. 14-CV-748, 2014 WL 5465173, at *3 (E.D. Wis. Oct. 28, 2014) (statement that a debtor owed "$0.00" collection fee could be misleading where no collection fee could be assessed). But other district court decisions support granting Alpha's motion. *See Delgado v. Client Servs., Inc.*, No. 17 C 4364, 2018 WL 1193741, at *3–4 (N.D. Ill. Mar. 7, 2018) (collection letter that stated "$0.00" interest and fees due was not deceptive), *appeal dismissed,* No. 18-1748, 2018 WL 4896763 (7th Cir. July 26, 2018); *Dick v. Enhanced Recovery Co., LLC*, No. 15CV2631RRMSMG, 2016 WL 5678556, at *4 (E.D.N.Y. Sept. 28, 2016)

4

(same). The case law is a wash, but the latter cases have the better of the argument.

All to say, Alpha's letter didn't violate the Act. Its statement that Ms. Laza owed $0.00 in interest was true, relevant, and helpful. No reasonable unsophisticated debtor would be deceived by it. Alpha is entitled to judgment in its favor.

## CONCLUSION

The court **GRANTS** Alpha's motion for judgment on the pleadings. Doc. 20. The clerk is directed to enter judgment in favor of Alpha and to close the case.

Dated: July 31, 2020.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge